IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:25-cv-03805-RBJ

HERBERT ORLANDO VELAZQUEZ DE LEON,

    Petitioner,

v.

JUAN BALTAZAR, ROBERT HAGAN,
KRISTI NOEM, TODD LYONS,
PAM BONDI,
in their official capacities,

    Respondents.

---

**ORDER**

---

    Before the Court is petitioner-plaintiff Herbert Orlando Velazquez de Leon's (petitioner or Mr. Velazquez de Leon) Verified Petition for a Writ of Habeas Corpus (Petition) and Motion for a Temporary Restraining Order (Motion). ECF Nos. 1, 10.[1] Petitioner seeks an order granting his immediate release, or, in the alternative, granting him a bond hearing before an immigration judge (IJ). ECF No. 1 at 17; ECF No. 10 at 1, 15. Respondent-defendants (respondents) filed a consolidated

---

[1] This Court previously granted Mr. Velazquez de Leon's Motion to the extent that it prohibited respondents from transferring him away from the District of Colorado or removing him from the United States until the termination of this case. ECF No. 13.

1

response, opposing the requested relief in its entirety. ECF No. 15. Petitioner replied in support of his Petition and Motion. ECF No. 18.

The Court has reviewed the parties' submissions, and for the reasons stated herein, GRANTS the Petition and orders that, within 10 days of this Order, respondents shall provide petitioner with a bond hearing before an IJ where the government must bear the burden of justifying his continued detention by clear and convincing evidence.[2]

## **Background**

This case is one of many arising out respondents' policy of mandatorily detaining, during removal proceedings, noncitizens who entered the country without inspection and have lived in the United States for more than two years under 8 U.S.C. § 1225(b)(2)(A). *See Rodriguez Vasquez v. Bostock*, 3:25-cv-05240-TMC, ---F.Supp.3d---, 2025 WL 2782499, at *5 (W.D. Wash. Sept. 30, 2025) (discussing the Department of Homeland Security's (DHS) promulgation of this policy in July 2025). Mr. Velazquez de Leon says that this mandatory detention provision of the Immigration and Nationality Act (INA) does not apply to him; instead, he asserts

---

[2] Because the relief requested in the Motion is coextensive with the relief sought in—and granted under—Mr. Velazquez de Leon's Petition, the Motion is respectfully denied as moot. *See Caballero Loa v. Baltazar*, 25-cv-03120-NYW, 2025 WL 2977650, at *9.

2

that his detention is discretionary and he is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See* ECF No. 1 at ¶ 33; ECF No. 10 at 6-14.

The facts of this case are not especially unique.[3] Mr. Velazquez de Leon, a native and citizen of Mexico, has lived in the United States for five years. *See* ECF No. 1 at ¶1; ECF No. 10-2 at 2. He lives with his U.S.-citizen wife and two U.S.-citizen children in Grand Junction, Colorado, where he works in the construction industry. ECF No. 1 at ¶1. He has no criminal history that would make him statutorily ineligible for bond under 8 U.S.C. § 1226(c). *Id.*

On November 17, 2025, U.S. Immigration and Customs Enforcement (ICE) arrested Mr. Velazquez de Leon following his release from custody at the Garfield County Sherriff's Office, where he had been booked on charges related to driving under the influence. *See* ECF No. 15-1 at ¶10. ICE issued him a Notice to Appear (NTA) charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. *See* ECF No. 1 at ¶2; ECF No. 10-2 at 2. Mr. Velazquez de Leon was taken to the ICE Denver Contract Detention Facility in Aurora, Colorado, where he remains in custody. ECF No. 1 at ¶2. Because ICE claims that his detention is mandatory under § 1225(b)(2)(A), Mr. Velazquez de Leon is unable to seek release on bond.

---

[3] The facts in this section are drawn from Mr. Velazquez de Leon's Petition and Motion, ECF Nos. 1, 8, respondents' Consolidated Response, ECF No. 15, and the attached documents. The Court assumes the truth of these facts only for the purpose of issuing this Order.

3

## Analysis

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws … of the United States." 28 U.S.C. § 2241.  The individual in custody bears the burden of proving that his detention is unlawful.  *Walker v. Johnston*, 312 U.S. 275. 286 (1941).  Where the briefing demonstrates that the petitioner's challenge is fundamentally legal in nature, the court need not hold a hearing in order to decide his challenge.  *See* 28 U.S.C. § 2243.

This Court has previously determined that detention during removal proceedings for noncitizens like petitioner is governed by § 1226(a) and not § 1225(b)(2)(A).  *See Cervantes Arredondo v. Baltazar, et al.*, 25-cv-03040-RBJ (D. Colo. Oct. 31, 2025) (ECF No. 21).  The Court adheres to that determination now.

As the Court explained in *Cervantes Arredondo*, it was persuaded by the well-reasoned analysis of its sister courts in the District of Colorado, who had unanimously concluded that the mandatory detention under § 1225(b)(2)(A) of noncitizens who entered the country without inspection and have lived here for more than two years violates the INA.  *See id.* at 5 (collecting cases granting habeas

4

petitions for noncitizens alleging that they were entitled to a bond hearing under § 1226(a)).  Nothing has changed.  Instead, the chorus has only grown louder.[4]

And now, for the first time, there is appellate authority on this issue.  The Court of Appeals for the Seventh Circuit recently found, upon analysis of the "text and structure of the two provisions," that § 1226(a) likely governs detention for noncitizens who, like petitioner, are already present in the United States without being admitted or paroled or having applied for the same.  *Castañon-Nava v. U.S. Dept. of Homeland Security*, No. 25-3050, ---F.4th----, 2025 WL 3552514, at *8, *8-10 (7th Cir. Dec. 11, 2025).

While the Seventh Circuit's decision is not binding on this Court, it reinforces its conclusion that petitioner's detention is properly governed by § 1226(a).  In *Cervantes Arredondo*, this Court explained that the plain language of § 1225(b)(2)(A) contains three distinct requirements.  25-cv-03040-RBJ, ECF No. 21 at *6.  To fall under this mandatory detention provision, a noncitizen must be, at the time removal proceedings are initiated: (1) "an applicant for admission"; (2)

---

[4] *See, e.g.*, *Florez Marin v. Baltazar*, 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2025); *Marquez Rico v. Baltazar*, 25-cv-03942-CNS, 2025 WL 3640366 (D. Colo. Dec. 16, 2025); Jimenez Facio v. *Baltazar,* 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Cruz Valera v. Baltazar*, 1:25-cv-03744-CNS, 2025 WL 3496174 (D. Colo. Dec. 5, 2025); *Espinoza Ruiz v. Baltazar*, 1:25-cv-03642-CNS, 2025 WL 3294762 (D. Colo. Nov. 26, 2025); *Morales Lopez v. Baltazar*, 25-cv-3251145-WJM-KAS, 2025 WL 3251145 (D. Colo. Nov. 21, 2025); *Ortiz Rosales v. Baltazar, et al.*, 25-cv-03275-GPG (D. Colo. Nov. 16, 2025); *Barreno v. Baltasar*, 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *De Domingo Campos v. Baltazar*, 25-cv-3062-GPG (D. Colo. Nov. 13, 2025); *Arauz v. Baltazar*, 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025).

"seeking admission"; and (3) "not clearly and beyond a doubt entitled to be admitted." *Id.* Thus, while petitioner may be "an applicant for admission," defined by 8 U.S.C. § 1225(a)(1) as an "alien present in the United States who has not been admitted," it does not follow that he is "seeking admission," which implies "some sort of present-tense action." *Garcia Cortes v. Noem*, 25-cv-02677-CNS, 2025 WL 2652880, at *3 (D. Colo. Sept. 16, 2025) (internal citations omitted). The Seventh Circuit shares this view, stating that Congress "could have easily" defined "applicant for admission" to include "noncitizens who are 'seeking admission' … but elected not do so." *Castañon-Nava*, 2025 WL 3552514, at *9.

The Seventh Circuit further reasoned that treating "seeking admission" and "applicant for admission" as coterminous would violate "one of the cardinal rules of statutory construction," which requires courts to avoid interpreting one part of a statute in such a way that "would render another provision superfluous." *Id.* (citing *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) ("[E]very clause and word of a statute should have meaning")). Lastly, the Seventh Circuit observed that § 1225(b)'s application to noncitizens at the border and § 1226(a)'s application to those already in the country is consistent with the distinction, long-recognized by our immigration laws, "between an alien who has effected an entry into the United States," regardless of its legality, "and one who has never entered." *Id.*

6

This Court accords with the Seventh Circuit's reasoning, which has also been echoed and expounded upon in the many, many district court decisions ruling the same way. For especially thoughtful treatment of these issues, *see, e.g.*, *Lopez Benitez v. Francis*, 795 F.Supp.3d 475 (S.D.N.Y. 2025); *Martinez v. Hyde*, 792 F.Sypp.3d 211 (D. Mass. 2025); *Edahi v. Lewis*, No. 4:25-cv-129-RGJ, 2025 WL 3466682 (W.D. Ky. Nov. 27, 2025).

At bottom, respondents have given this Court no reason to depart from its prior ruling in *Cervantes Arredondo* that § 1226(a) rather than § 1225(b)(2)(A) governs in this situation. They make the same arguments in this case that they did in that one, most centrally, that the Supreme Court's decision in *Jennings v. Rodriguez*, 583 U.S. 281 (2018) compels their interpretation of the statute. *See* ECF No. 15 at 2, 6-9. However, in *Cervantes Arredondo*, the Court already rejected this argument, finding that *Jennings* supports petitioner's position. 1:25-cv-03040-RBJ, ECF No. 21 at 7. Specifically, this Court found, and continues to find, that the most natural reading of *Jennings* supports a dichotomy where § 1225(b) "authorizes the detention of certain aliens seeking to enter the country," and § 1226 pertains to "certain aliens already in the country," including those who entered without inspection. *Id.* (citing *Jennings*, 583 U.S. at 281). That § 1226(c) mandates detention for a certain subset of noncitizens who entered without inspection and have

7

committed enumerated offenses confirms their inclusion in the larger statutory provision.

For these reasons, Mr. Velazquez de Leon's mandatory detention under § 1225(b)(2)(A) violates the law. Because his detention is governed by § 1226(a), he is entitled to a bond hearing before an immigration judge. *See* 8 C.F.R. §§ 100.19(a), 1236.1(d).

Neither side has addressed what the standard of proof should be at that bond hearing and which party should bear the burden. As the Court finds that Mr. Velazquez de Leon's mandatory detention under the wrong statute constitutes an ongoing due process violation, infringing his core liberty interest, the government must bear the burden of proof by clear and convincing evidence that he presents a danger to the community or a flight risk, warranting denial of bond or release on other conditions. *See Cervantes Arredondo*, 1:25-cv-03040-RBJ, ECF No. 21 at 8-9 (collecting cases).

Furthermore, unless Mr. Velazquez de Leon agrees, his final merits hearing should not take place prior to his bond hearing. He should not be placed at a disadvantage in his bond hearing (or merits hearing) because the government wrongfully detained him under § 1225(b)(2)(A) for over a month.[5]

---

[5] To the extent petitioner seeks attorney's fees, he is directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules.

8

## **Conclusion**

For the foregoing reasons, petitioner's application for a writ of habeas corpus (ECF No. 1), is hereby GRANTED to the extent that the Court rules that his detention is governed by § 1226(a), and that, within ten (10) days of this ORDER, respondents must provide him with a bond hearing under that section. At that bond hearing, the government bears the burden of proving by clear and convincing evidence that petitioner release poses a danger to the community or a risk of flight. Furthermore, unless petitioner expresses a contrary desire, his bond hearing must take place prior to his final merits hearing on his application for relief from removal.

Respondents are further ORDERED to file a status report within five (5) days of petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Court converts its previously issued Temporary Restraining Order (ECF No. 10) into a preliminary injunction: Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and in order to preserve this Court's jurisdiction, respondents SHALL NOT REMOVE petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order or the case is terminated.

It is SO ORDERED.

Dated: December 22, 2025          BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Court Judge